## Wilkinson *v.* Patterson.

A dilatory plea should be filed before the expiration of the time allowed for pleading by the rules.

A defendant in attachment by replevying the property, acknowledges notice of the suit.

A verdict as on issue, when no issue is joined, is erroneous.

If the verdict sound in damages, when the action is debt, it will be reversed.

IN ERROR from the circuit court of the county of Bolivar.

Enloe, for plaintiff in error.

N. D. Coleman, contra.

Mr. Justice TURNER delivered the opinion of the court.

Writ of error from the circuit court of Bolivar county.

The plaintiff below, John Patterson, sued out an attachment against the defendant, Peter Wilkinson, to recover a debt due by Wilkinson to Patterson, on a sealed note. The defendant replevied the attached property, and the cause was returned into the Bolivar circuit court. The plaintiff filed his declaration. Near the close of the term, Friday evening, when the court was about to discharge the jury, the plaintiff in attachment moved for a judgment by default. This the defendant resisted, and moved to quash the proceedings, the attachment, &c. The court refused to hear the motion. The defendant then offered a plea in abatement, which the court refused, but offered to allow a plea to the merits. Whether the plea to the merits was filed, or not, we are not certain. There is a plea of non assumpsit, and issue joined, signed by counsel, on the face of the transcript of the record, but it is crossed by black lines. It also appears that a jury was empannelled "to try the issue," and the form of the verdict is, as on issue joined, and the jury find their verdict in damages.

17*

Wilkinson *v.* Patterson.

It is unnecessary to notice the assignment of errors in detail. They are, in substance, that the court erred in refusing to hear a motion to quash the attachment; in refusing to receive a plea in abatement; in swearing the jury to try an issue, when there was no issue joined; in the verdict being for damages only; the judgement not responsive to the action; that no judgment by default was entered, and no writ of enquiry awarded; that the jury do not appear to have been "of good and lawful men;" and that the judgment should have been *in rem.*

It does not appear that the defendant below ever entered a motion to quash. The first we hear of it is on "Friday evening." The time for pleading had passed, and it was too late for the defendant to take dilatory steps, by moving to quash the attachment, or to plead in abatement. These are steps which should be taken, if taken at all, without delay, and before the expiration of the time for pleading by the rules of the court. The common law allows no such indulgence. The defendant below by replevying, was bound to enter an appearance, or be subject to proceedings as in case of personal service of process. It is true, he was at liberty to move to quash the attachment, or to plead in abatement, or to the merits; but, acknowledging notice of the suit, by replevying, he came under the operation of the general rules of pleading, and of rendering judgment.

If we are to consider that no plea was filed, then it was irregular to proceed before a jury as on an issue; and it was also irregular to render a verdict in damages, when the action was debt.

The judgment is therefore reversed, and the court proceeding to render judgment as the court below should have done, orders, that judgment final be rendered in favor of the plaintiff below, for the debt in the declaration mentioned, and interest thereon at the rate of eight per cent. per annum, to be calculated by the clerk.